P. N. JACOBSON, Guardian of August Ruge, Insane, Ap-
pellee, v. HENRY NEALAND, Appellant.

**Deeds:** CONSIDERATION: TRUSTS. Where a deed recites a consider-
1   ation paid by the grantee, the grantor cannot thereafter con-
    tend that the conveyance constituted a trust in his favor, and
    in an action to set the deed aside the adequacy of the consid-
    eration is immaterial.

**Incompetency:** EVIDENCE. In an action to set aside a deed on the
2   ground of the incompetency of the grantor, the evidence is
    considered and held insufficient to show incompetency.

*Appeal from Scott District Court.*—HON. J. W. BOLLINGER,
Judge.

SATURDAY, JANUARY 23, 1904.

SUIT in equity to set aside a deed made by August Ruge
to Henry Nealand, his step-son, on the grounds that the gran-
tor was of unsound mind at the time the deed was executed,
that it was without consideration, and obtained by false and
fraudulent representations. The trial court refused to set
aside the deed, but gave plaintiff a money judgment for $750.
Defendant appeals.—*Reversed.*

*Sharon & Donegan* for appellant.

*Fred W. Neal* for appellee.

DEEMER, C. J.—The deed which is attacked was execu
ted June 2, 1900.  It covered property which was theretofore
the homestead of August Ruge, and recites as consideration
the sum of $1, and other considerations in hand paid by
Henry Nealand.  At the time the deed was made Ruge was
over seventy years of age, and had lived with his stepson for
some months.  He was troubled with rheumatism, and was
afflicted with the ordinary troubles incident to old age, in-
cluding deafness.  His wife died in January of the year
1900, and he immediately took up his residence with defend-
ant, with whom he continued to live until about December
11, 1900, when he left and went to live with another stepson,
by the name of Stuhr.  Shortly after going to Stuhr's, he
(Stuhr) took Ruge to a lawyer's office and had him make
the petition filed in this case.  Thereafter, and on March 7,
1901, P. N. Jacobsen was appointed guardian for Ruge, on
the theory that he (Ruge) was insane, and on June 10th this
guardian was substituted as plaintiff.

As the deed recites a consideration in hand paid by the
grantee, the plaintiff is in no position to contend that there
is any trust which can be enforced in favor of his ward.  If
defendant did not pay the consideration agreed upon, what-
ever that may have been, doubtless plaintiff might recover the
sum agreed to be paid.  But there is no showing that there
is any consideration due, nor is there any claim in the peti-
tion that there is anything due.

In addition to the recital in the deed of a consideration
in fact paid, there is no doubt under the evidence that there
was in fact a consideration for the deed.  Whether adequate
or not is immaterial, save as such evidence may bear on the
other issues in the case.  We have referred to this to show
that plaintiff is not entitled to have the conveyance set aside
because of want or failure of consideration.  Citation of
authorities is not needed to support the fundamental prin-
ciples of law announced.

There is no evidence that defendant made any false or
fraudulent representations to Ruge to induce him to make

the deed. Indeed, we think the matter of making it was suggested by Ruge himself, and that it was largely prompted by feelings of kindness to the defendant for the support and comfort which he (defendant) had given Ruge and his wife before and after the death of the wife.

The sole issue remaining is the question of unsoundness of mind. On this issue the evidence for defendant so largely preponderates that we are constrained to disagree with the trial court in its conclusions on that subject. The testimony leaves no doubt in our minds of Ruge's competency to make the deed. True, he was very deaf, and sometimes had dizzy spells, but there is not a syllable of competent evidence tending to show that the deed was made during one of these spells. Even if the law be as plaintiff contends, that the burden is on defendant to show that the deed was not obtained through undue influence, we think he has fairly met that burden, and that plaintiff is not entitled to recover. Defendant offered to furnish Ruge with a home, and was in no way responsible for Ruge's leaving him at the time he did. There is no reason to believe that defendant will not fulfill his promises to care for and support Ruge during the remainder of his life, and we have no occasion now to pass upon the question of remedies in the event he neglects to fulfill his promises. He admits that he promised to support and care for Ruge, and contends that he is able and willing to do so at his own home as agreed. This he should do, and if he fails there may be some way to compel him to do so. This, however, we do not at this time decide.

The decree awarding plaintiff judgment for $750 must be and it is reversed, and the cause is remanded to the district court for one in harmony with this opinion.—— REVERSED.